IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DUSTIN BALLARD,** | : | |
| Petitioner | : | No. 1:23-cv-00758 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **MELISSA HAINSWORTH, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 through which Petitioner Dustin Ballard ("Ballard") challenges his 2018 conviction and sentence for possession with intent to deliver narcotics in the Schuylkill County Court of Common Pleas. The Court will dismiss the petition with prejudice as procedurally defaulted.

**I.    BACKGROUND**

In June 2018, Ballard pleaded guilty to possession with intent to deliver narcotics in the Schuylkill County Court of Common Pleas. See Commonwealth v. Ballard, No. CP-54-CR-0001548-2017 (Schuylkill Cnty. Ct. Com. Pl. June 13, 2018).[1] He was sentenced to 2-4 years' imprisonment. See id. Ballard did not file a direct appeal, but on September 15, 2022, he filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). See id.; (Doc. No. 1 at 12). The Court of Common Pleas announced its intent to dismiss the petition on September 23, 2022, and dismissed the petition on October 18, 2022. See Ballard, No. CP-54-CR-0001548-2017. Ballard did not appeal. See id.; (Doc. No. 1 at 12).

---

[1] The petition in this case erroneously cites the docket number of Ballard's underlying criminal case as CP-06-CR-0001548-2017. The Court has obtained the correct docket number through an independent search of Pennsylvania's online judicial portal.

Ballard filed the instant petition on May 1, 2023, and the Court received and docketed the petition on May 9, 2023.  (Doc. No. 1 at 16.)  He asserts three claims for habeas corpus relief: (1) that he is serving an illegal sentence because time he spent in state custody prior to the commencement of the sentence was not applied to the sentence; (2) that his counsel during PCRA proceedings provided ineffective assistance of counsel by failing to file an appeal on his behalf or advising him of his right to appeal; and (3) that the judge presiding over his criminal matter committed "judicial error" by failing to order his transfer to a state correctional institution to serve his sentence when he was arrested for a separate offense after the date of his conviction.  (Id. at 5-9.)  Ballard acknowledges that he has not presented any of these claims to Pennsylvania appellate courts, but he asserts that his PCRA counsel was ineffective in failing to appeal the dismissal of his petition or advise him that he had a right to appeal.  (Id. at 12.)  He also acknowledges that no additional state appeals are available to him because they would now be untimely under Pennsylvania procedural rules.  (Id. at 8.)

**II.    LEGAL STANDARD**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4.

**III.   DISCUSSION**

Dismissal of this case under Rule 4 is appropriate because Ballard's claims are procedurally defaulted.  Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court.  See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

petition." See O'Sullivan, 526 U.S. at 842.  The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." See id.  In Pennsylvania, a petitioner may properly exhaust state court remedies by presenting a claim to the Pennsylvania Superior Court and is not required to appeal to the Pennsylvania Supreme Court.  See Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004).  Habeas corpus claims are procedurally defaulted when they have not been exhausted and no additional state remedies are available under state procedural rules.  See Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).

As Ballard readily acknowledges, none of his claims have been appealed to Pennsylvania's appellate courts, and the deadline to file any appeals has expired under Pennsylvania law.  See (Doc. No. 1 at 8, 12); see also Ballard, No. CP-54-CR-0001548-2017 (confirming that no appeals have been filed); Pa. R. App. P. 903(a) (requiring appeals from Court of Common Pleas orders to be filed within 30 days after issuance of the order in question).  Accordingly, the claims are procedurally defaulted.

Federal courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence.  See Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018).

In this case, Ballard has not advanced any specific arguments as to why the Court should excuse the procedural default of his claims, but the Court liberally construes his references to purported ineffectiveness by his PCRA counsel as an argument to excuse the procedural default

under Martinez v. Ryan, 566 U.S. 1 (2012).[2] Under Martinez, ineffectiveness of PCRA counsel may excuse procedural default in some circumstances. See id. at 17. Those circumstances, however, are not present in the instant case. The procedural default of Ballard's claims occurred when he failed to appeal the dismissal of his PCRA petition, and Martinez does not apply when a claim is procedurally defaulted in a collateral appeal. See Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015). Hence, the Court will dismiss Ballard's claims as procedurally defaulted.

## IV. CONCLUSION

For the foregoing reasons, Ballard's petition for writ of habeas corpus will be dismissed with prejudice as procedurally defaulted. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.

---

[2] To the extent Ballard seeks habeas corpus relief based on a freestanding claim of PCRA counsel's ineffectiveness rather than invoking PCRA counsel's purported ineffectiveness as a basis to excuse the procedural default of his other claims, the claim is without merit. Federal courts may not grant habeas corpus relief based on the purported ineffectiveness of PCRA counsel. See 28 U.S.C. § 2254(i); Martinez, 566 U.S. at 17.